IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE WALTER KIRKLAND, | : |
| | : |
| Petitioner, | : |
| v. | : |
| | : NO. 5:20-CV-00078-MTT-MSH |
| Warden TRACY JEFFERSON, | : |
| | : |
| Respondent. | : |
| _____ | : |

## ORDER AND RECOMMENDATION

On June 23, 2020, this Court issued a recommendation (ECF No. 14) that Petitioner's application for habeas relief be denied. However, a critical jurisdictional issue has become apparent. While Petitioner alleged in his application that he was convicted in the Superior Court of Washington County, Georgia—which is located in the Middle District of Georgia—he actually pleaded guilty to an indictment returned in the Superior Court of Emanuel County, Georgia—which is in the Southern District of Georgia. Pet. 1, ECF No. 1; Resp't's Ex. 9(a), at 53, ECF No. 11-9. According to the record, the state court judge assigned to Petitioner's case was physically sitting in Washington County when Petitioner pleaded guilty, but venue was never transferred from Emanuel County to Washington County.[1] Resp't's Ex. 9(b), at 44, ECF No. 11-10. At the time Petitioner filed his federal habeas petition, he was housed in Wheeler Correctional Facility, which is located in the Southern District of Georgia. Pet. 1.

---

[1] Emanuel County and Washington County are both located in the Georgia's Middle Judicial Circuit. Resp't's Ex. 9(b), at 44.

>The relevant jurisdictional statute provides:
>
>Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Thus, in order for this Court to have jurisdiction over Petitioner's habeas application, either (1) the state court which entered the judgment and sentence he challenges would need to be located within this district, or (2) Petitioner would need to have been located in this district when he filed his petition. Neither situation applies here. Although Petitioner was physically located in Washington County, he was convicted and sentenced by the Emanuel County Superior Court. Resp't's Ex. 9(a), at 53-57, 213-22. Venue was never transferred to Washington County. *See, e.g., Dobard v. Johnson*, 749 F.2d 1503, 1509 (11th Cir. 1985) (holding that where venue was transferred from the state court of the county of indictment to the state court of the county where the petitioner was tried and convicted, the federal district courts where both state courts were located had concurrent jurisdiction). Moreover, although Petitioner was subsequently confined in a prison located in the Middle District of Georgia, he was confined at a prison in the Southern District of Georgia when he filed his petition. "Jurisdiction is determined at the time an action is filed." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Hence, this Court lacks jurisdiction.

It is, therefore, **ORDERED** that the Court's Report and Recommendation (ECF No. 14) be withdrawn.  Further, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Southern District of Georgia, Statesboro Division.[2]  *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); 28 U.S.C. § 90(a)(2).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc. T. Treadwell, Chief Judge of the United States District Court for the Middle District of Georgia, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

SO ORDERED and RECOMMENDED this 24th day of August, 2020.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE

---

[2]   The Georgia district courts have a long-standing policy of hearing habeas petitions in the district where the petitioner was convicted.  *See Eagle v. Linahan*, 279 F.3d 926, 933 n.9 (11th Cir. 2001).